MARY A. WOOSTER, Administratrix, etc., Appellant, *v.* GEORGE H. BOOTH, Respondent.

*Declarations of owner of property — when admissible in suit by — Code, § 399 — what testimony inadmissible under.*

In an action against a constable, to recover certain property attached in a suit against Mary A. Wooster, on the ground that the property belonged to the plaintiff's intestate, his declarations to third persons as to the ownership of such property are competent; but the evidence of the plaintiff in the attachment suit, as to conversations had with the intestate, is inadmissible within section 399 of the Code.

Appeal from a judgment entered upon the report of a referee dismissing the plaintiff's complaint. The action was brought to recover the possession of certain personal property. After the commencement of the action, Homer W. Wooster, the plaintiff therein, died, and it was continued in the name of his administratrix. Homer Wooster was keeping a hotel, at the time the action was commenced, in Onondaga Valley, and the property was in such hotel, when it was attached as the property of his wife, by the defendant, who was a constable of said county at the time. He justified under his attachment, alleging that the property belonged to the wife of plaintiff, Mary A. Wooster. The case was tried by a referee, who found for the defendant, that the goods so taken were the property of the said Mary A. Wooster, and dismissed the complaint; and judgment was entered accordingly, from which the plaintiff duly appealed to this court.

*W. H. & L. E. Warren*, for the appellant.

*Fuller, Vann & Brooks*, for the respondent.

E. DARWIN SMITH, J. :

Very clearly, upon the plaintiff's evidence, the goods for which this action was brought, were not primarily purchased, or ever owned by Mary A. Wooster, the defendant in the attachment suit. The bills of the goods upon the purchase, were made out to her husband. He purchased them, in fact, and paid for them, or all that was ever paid toward the purchase, and there is no affirmative evidence that he ever sold or transferred them to her. But this evidence is by no means conclusive in this action. Mrs. Wooster is now the administratrix of her husband, and the suit is prosecuted by her in his right, and is to be determined precisely as it stood when it was commenced by him, and as if he were still alive, and the plaintiff upon the record. In this view, the question is, whether the deceased, in his lifetime, so conducted himself in his business transactions and dealings, as to authorize, upon his acts and representations, the finding by the referee that the goods in question did in fact belong to his wife, as against, or in favor of, his creditors or persons selling goods to be used at the hotel carried on by them. His statements and declarations to third persons, relating to his business and property at said hotel, and who owned the property and who was the principal in carrying on said hotel, were clearly admissible in evidence on the trial. The referee might, I think, properly give credence to his declaration to Mr. Hoyt, to whom he said, "he did not own a chair in the house, and that everything he had was in his wife;" to Mr. Gray, to whom he said, "my wife has got the lease and license in her own name, and owns everything in the house;" and to Messrs. Griffin, Wilcox & Winche, to whom he made statements to the same effect, in substance. Upon these declarations, clearly good evidence against the deceased upon the question of fact who owned the said goods, I think the referee might properly rely, in finding that the property in said goods was in the wife, and particularly as Wooster had, in fact, just or lately gone into bankruptcy, and was divested thereby of all his property. This would not be good evidence against Mrs. Wooster if she were contesting the fact, but she has no interest in the question, and is not a party to the suit in her own right.

The exception that the defendant did not justify the taking of

the goods, by the production and proof of his attachment, is not well taken. This point was not taken on the trial, and was clearly waived. The taking was admitted, and proved by parol without objection, and was clearly regarded by the parties and the referee as an admitted and recognized fact. But I do not see how we can avoid reversing the judgment and granting a new trial, for the error of the referee in receiving the testimony of the witnesses, Burke and Henle, in regard to their conversations with the deceased. They were the plaintiffs and judgment creditors in the attach_ment suit, and were virtually the defendants in interest in this action.* Section 399 of the Code forbids the examination, as a witness, of any person thus interested in the event of the action, in regard to any personal transaction or communication between the witnesses and a deceased person, against the executor or administrator of such person. Both of these witnesses gave important and material testimony in respect to their conversations with Wooster, and his declarations upon the subject as to who was the principal in carrying on the said hotel, and in respect to the ownership of the household goods and furniture therein. This testimony was properly excepted to, and was clearly inadmissible.

For this error, the judgment should be reversed and a new trial granted, with costs to abide the event.

Present — Mullin, P. J., Smith and Gilbert, JJ.

Judgment reversed and new trial granted, costs to abide event.

* Howland v. Willetts, 5 Selden, 170.